IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02057-REB-KLM

SCOTT R. BAUER, an individual,

    Plaintiff,

v.

UNITED HEALTHCARE INSURANCE COMPANY,

    Defendant.

_____

**ORDER DENYING MOTION FOR STAY**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Opposed Motion for Stay of Proceeding Pending a Ruling on Plaintiff's Motion for Remand and Motion for Determination Whether this ERISA Case Will Be Limited to Review of the "Administrative" Record** [Docket No. 19; Filed October 26, 2010] (the "Motion"). The Court set an expedited briefing schedule. Defendant filed its Response on November 2, 2010 [Docket No. 24], and Plaintiff filed an untimely Reply on November 8, 2010 [Docket No. 25]. The Motion is now fully briefed and ripe for resolution.

Plaintiff moves for a stay of the case pending a ruling on his Motion for Remand [Docket No. 10] and after determination of the appropriate standard of review. *Motion* [#19] at 1. No briefing pertaining to the standard of review is currently pending. In his untimely Reply, Plaintiff notes that the standard of review issue can be addressed via the briefing schedule set forth in the Scheduling Order. *Reply* [#25] at 1-2. Defendant opposes the relief requested because it contends that remand is not warranted and the case should

proceed regardless of whether a standard of review has been determined. *Response* [#24] at 2-5.

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.

Stays are generally disfavored in this District. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unpublished decision). However, a stay may be appropriate in certain circumstances, and the Court weighs several factors in making a determination regarding the propriety of a stay. *See String Cheese Incident, LLC v. Stylus Show, Inc.*, No. 02-cv-01934, 2006 WL 894955, at * 2 (D. Colo. Mar. 30, 2006) (unpublished decision) (denoting a five-part test). The Court considers (1) the interest of Plaintiff; (2) the burden on Defendant in going forward; (3) the Court's convenience; (4) the interest of nonparties, and (5) the public interest in general. *Id.* Here, those factors weigh against entry of a stay.

Considering Plaintiff's interest, Plaintiff is in favor of staying the case pending the resolution of several threshold issues. Although Plaintiff does not articulate an interest in proceeding expeditiously with his case, he does indicate his intention to seek discovery from Defendant. *See Motion* [#19] at 6. In such a case, the Court has generally found that with the passage of time inherent in granting a stay, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed. As such, delay may diminish Plaintiff's ability to proceed. *See, e.g., Collins v. Ace Mortg. Funding, LLC*, No. 08-cv-001709, 2008 WL 4457850, at *1 (D. Colo. Oct. 1, 2008) (unpublished decision); *String Cheese*, 2006 WL 894955, at *2. Nevertheless, because Plaintiff seeks remand, Plaintiff argues that the case should be stayed. The Motion for Remand has not been referred to this Court. Although

the Court makes no prejudgments about the merits of remand, I note that on these pleadings, remand is not guaranteed.  Moreover, to the extent that Plaintiff argues that the appropriate standard of review should be determined prior to moving forward with the case, I note that the standard of review has not been formally made an issue in this case and, without formal briefing, it is unclear whether Plaintiff has a legally sufficient position.  In addition, it is unlikely that the Court will entertain a review of the administrative record prior to resolution of the Motion for Remand; thus, Plaintiff's concern regarding "void rulings" is unpersuasive.  *See Motion* [#19] at 4.  Finally, I note that Plaintiff's position is somewhat undercut by the fact that he intends to seek discovery from Defendant.  *See id.* at 6.

By contrast, considering Defendant's interest, Defendant opposes staying the case.  Specifically, Defendant contends that Plaintiff's request for remand lacks a sufficient legal basis.  *Response* [#24] at 3.  Further, Defendant contends that imposing a stay would unnecessarily delay the case, particularly given that one of Plaintiff's justifications for a stay has not been briefed.  I agree.  While courts have frequently imposed a stay when issues relating to jurisdiction have been raised, see, e.g., *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding stay permissible pending ruling on dispositive motion involving jurisdictional issue), it is debatable whether the Court's jurisdiction is in dispute here.  Furthermore, Plaintiff is a voluntary litigant in this lawsuit and should be prepared to prosecute it in any court, state or federal.  On balance, the Court finds that the consideration of these two factors weighs against the imposition of a stay in this case.

The Court also considers its own convenience, the interest of nonparties, and the public interest in general.  None of these factors prompts the Court to reach a different result. The Court is inconvenienced by an ill-advised stay because the delay in prosecuting

the case which results from imposition of a stay makes the Court's docket less predictable and, hence, less manageable. This is particularly true where there is a Motion for Remand pending, for which ultimate success is not guaranteed. Moreover, I note that any stay of the case, even for a short time, will negatively impact the parties' ability to prepare the case for formal resolution. While the Court identifies no particular interest of persons not parties in the litigation, the Court identifies a strong interest held by the public in general regarding the prompt and efficient handling of all litigation. Under these circumstances, the Court finds that a stay of the case is not warranted.

Dated:  November 9, 2010

BY THE COURT:

 s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix