**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-02057-REB-KLM

SCOTT R. BAUER,

      Plaintiff,

v.

UNITED HEALTHCARE INSURANCE COMPANY,

      Defendant.

---

### ORDER RE: REMAND MOTIONS

---

**Blackburn, J.**

      The matters before me are (1) **Plaintiff's Opposed Motion for Remand** [#10] filed September 23, 2010; and (2) **Plaintiff's Opposed Motion for Stay of Proceedings Pending a Ruling on Plaintiff's Motion for Remand and Motion for Determination Whether This ERISA Case Will Be Limited to Review of the "Administrative" Record** [#19] filed October 26. 2010.  I deny the motion to remand.  I deny the motion for a stay as moot and deny without prejudice the motion regarding the appropriate standard of review in this matter as premature.

### I.  JURISDICTION

      I putatively have subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1332 (diversity of citizenship).

### II.  STANDARD OF REVIEW

      Pursuant to 28 U.S.C. § 1441(a), an action may be removed to federal district court if it is one of which the district court would have had original jurisdiction.  Where

the basis of removal is allegedly diversity of citizenship, the parties must be completely diverse and the amount in controversy must exceed $75,000, exclusive of interest, costs, and attorney fees. *See* 28 U.S.C. § 1332. These facts "must be affirmatively established on the face of either the petition or the removal notice." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Because plaintiff's complaint does not recite a specific dollar amount of recovery sought, the burden is on defendant to establish by a preponderance of the evidence that the jurisdictional amount is satisfied. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

As to federal question jurisdiction, here too the burden of proof is on defendant, as the party seeking to invoke federal jurisdiction, to establish that removal was proper on this basis. *Karnes v. Boeing Co.*, 335 F.3d 1189, 1193 (10th Cir. 2003). To make this showing, defendant must demonstrate that plaintiff's complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Board of State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983). This determination must be based on the claims asserted by plaintiff, "unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Id.*, 103 S.Ct. at 2846.

Removal is generally governed by the "well-pleaded complaint" rule, which affirms that "[t]he plaintiff is the 'master of the claim' and may prevent removal [to federal court] by choosing not to plead a federal claim even if one is available."

2

***Turgeau v. Administrative Review Board***, 446 F.3d 1052, 1060 (10th Cir. 2006).  A

claim based ostensibly on state law will be found to arise under federal law, and, thus,

be removable, "only when the plaintiff's statement of his own cause of action shows that

it is based on federal law." ***Id.*** (internal citation and quotation marks omitted).  Such is

the case when a state law claim is completely preempted by federal law, that is, when

"federal law not only preempts a state law to some degree but also substitutes a federal

cause of action for the state cause of action, thereby manifesting Congress's intent to

permit removal." ***Schmeling v. NORDAM***, 97 F.3d 1336, 1342 (10th Cir. 1996).

The Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461

("ERISA"), creates a "uniform regulatory regime over employee benefit plans" in order to

"'protect . . . the interests of participants in employee benefit plans and their

beneficiaries.'" ***Aetna Health Inc. v. Davila***, 542 U.S. 200, 208, 124 S.Ct. 2488, 2495,

159 L.Ed.2d 312 (2004) (quoting 29 U.S.C. § 1001(b)).  For this reason, it has long

been recognized as one of the few federal statutes as to which complete preemption

may be appropriate. ***See Metropolitan Life Insurance Co. v. Taylor***, 481 U.S. 58, 63-

67, 107 S.Ct. 1542, 1546-48, 95 L.Ed.2d 55 (1987); ***see also Colbert v. Union Pacific***

***Railroad Co.***, 485 F.Supp.2d 1236, 1240 (D. Kan 2007) (complete preemption also

recognized under Labor Management Relations Act and National Bank Act).  Complete

preemption preserves ERISA's "interlocking, interrelated, and interdependent remedial

scheme," ***Massachusetts Mutual Life Insurance Co. v. Russell***, 473 U.S. 134, 146,

105 S.Ct. 3085, 3092, 87 L.Ed.2d 96 (1985), which reflects congressional policy choices

"represent[ing] a careful balancing of the need for prompt and fair claims settlement

3

procedures against the public interest in encouraging the formation of employee benefit plans," *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 54, 107 S.Ct. 1549, 1556, 95 S.Ct. 39 (1987).

Nevertheless, not all claims that might potentially affect an ERISA plan are completely preempted.  Although section 514(a) of ERISA, which provides for preemption of any state law claim that "relate[s] to any employee benefit plan," 29 U.S.C. § 1144(a), is interpreted broadly, *see Metropolitan Life Insurance Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985), it merely creates ordinary or "conflict" preemption, which is merely a defense and will not support removal jurisdiction, *see Felix v. Lucent Technologies, Inc.*, 387 F.3d 1146, 1157 (10th Cir. 2004), *cert. denied*, 125 S.Ct. 2961 (2005).  Complete preemption sufficient to create federal removal jurisdiction applies only to that more limited class of claims that fall within the scope of the civil enforcement provisions of section 502(a) of ERISA, which covers claims "to recover benefits due . . . under the terms of [the] plan, to enforce . . . rights under the terms of the plan, or to clarify . . . rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  Thus, claims that relate to a plan but do not seek to enforce rights thereunder are not subject to removal.  *See Felix*, 387 F.3d at 1157.

### III.  ANALYSIS

Plaintiff was insured under a Choice Plus Group Policy issued to plaintiff's employer by defendant.  Beginning on December 20, 2008, plaintiff admitted himself for thirty days of in-patient treatment for major depressive disorder and alcohol dependency

at the University of Colorado's Center for Dependency, Addiction & Rehabilitation ("CeDAR").  At the time of his admission, plaintiff paid CeDAR $21,500 for his treatment.  CeDAR submitted two separate bills to defendant, one for charges incurred in December, 2008, and the other for charges incurred from January 1, 2009, through the date of plaintiff's discharge.  Defendant has refused to pay any of these charges.

Plaintiff seeks a declaration that the charges are covered by the plan and brings state law claims for breach of contract pursuant to §10-3-1116(1), C.R.S., and common law breach of fiduciary duty.  Although plaintiff alleges frankly that "[t]his is an action for recovery of health insurance benefits under [ERISA]" (*see* **Complaint** ¶ 4 at 2 (**Notice of Removal** App., Exh. A-1 [#1], filed August 25, 2010)), he nevertheless maintains that his claims come within the purview of ERISA's savings clause and, thus, are not preempted.  The savings clause provides, with one limited exception, not argued to be relevant here, that "nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance[.]"  29 U.S.C. § 1144(b)(2)(A).  Noting that the Supreme Court has held that state mandated-benefit laws regulate insurance and, thus, are not preempted by virtue of ERISA's savings clause, ***see Metropolitan Life Insurance Co.***, 105 S.Ct. at 2389-93, plaintiff argues that his claims are for benefits mandated by Colorado state law likewise are not preempted.

I find this argument unpersuasive.  The question whether a plan participant's claim for benefits, mandated by state law *vel non*, is completely preempted is entirely different and distinct from the question whether the savings clause permits enforcement

5

of that same state law at all.  For regardless what state law may require when a benefit

plan is offered, there is no free-floating entitlement to benefits under Colorado state law

without reference to such a plan.  Stated differently, the statutes on which plaintiff relies

would not entitle him to benefits at all if he were not covered in the first instance by an

ERISA benefit plan.  Were plaintiff's complaint that defendant's plan failed to include

coverages mandated by Colorado state law, the question whether such claims were

completely preempted and/or fell within the purview of the savings clause would be

closer.  As it is, however, plaintiff clearly asserts that his residential treatment at CeDAR

*was* covered by the terms of his employer's benefit plan, but that defendant

nevertheless failed to pay his claims.  (***See* Complaint** ¶¶ 55-57 at 8-9 [#1-2], filed

August 25, 2010.)  Clearly, then, he is seeking "to recover benefits due . . . under the

terms of [the] plan" and/or "to enforce . . . rights under the terms of the plan[.]"  29

U.S.C. § 1132(a)(1)(B).  Thus, his claims are completely preempted by ERISA.

   Plaintiff's reliance on ***Aetna Health Insurance v. Davila***, 542 U.S. 200, 124

S.Ct. 2488, 159 L.Ed.2d 312 (2004), to support his position is particularly misplaced.

Although the ***Davila*** Court recognized a distinction between claims that arise only by

virtue of the terms of an ERISA plan and those that implicate some other, independent,

legal duty, ***see id.***, 124 S.Ct. at 2496, the Court held ultimately that the plaintiffs' claims

*were* preempted completely because "[t]he duties imposed by [state law] in the context

of these cases . . . do not arise independently of ERISA or the plan terms," and "[t]hus,

interpretation of the terms of respondents' benefit plans forms an essential part of their

[state law] claim, and [state law] liability would exist here only because of petitioners'

6

administration of ERISA-regulated benefit plans," *id.* at 2497-98.  Thus*, Davila* supports

the precise opposite of the conclusion plaintiff wishes to draw from it.

Accordingly, I find and conclude that plaintiff's claims come within the ambit of

section 502(a)(1)(B) of ERISA and, therefore, are preempted completely, making

defendant's removal on the basis of federal question jurisdiction proper.  Thus, I need

not consider whether removal on the basis of diversity of citizenship also would have

been warranted.[1]

## IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Plaintiff's Opposed Motion for Remand** [#10] filed September 23,

2010, is **DENIED**; and

2.  That **Plaintiff's Opposed Motion for Stay of Proceedings Pending a**

**Ruling on Plaintiff's Motion for Remand and Motion for Determination Whether**

**This ERISA Case Will Be Limited to Review of the "Administrative" Record** [#19]

filed October 26. 2010, is **DENIED AS MOOT IN PART** and **DENIED WITHOUT**

**PREJUDICE IN PART**, as follows:

a.  That to the extent the motion seeks a stay of these proceedings

pending resolution of plaintiff's motion to remand, it is **DENIED AS MOOT**;

and

---

[1]  My resolution of the removal motion also pretermits consideration of plaintiff's motion for a stay. To the extent that motion suggests that plaintiff is entitled to a *de novo* standard of review, I decline the invitation to make such a determination at this early juncture.

b.  That to the extent the motion seeks a determination regarding the

appropriate standard of review in this matter, it is **DENIED WITHOUT**

**PREJUDICE** as premature.

Dated November 10, 2010, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge